BELDING BROTHERS AND COMPANY *vs.* SEWER COMMISSIONERS OF NORTHAMPTON.

Hampshire.    September 18, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Right to disconnect Private Drain from Public Sewer for Non-payment of Fee — Equity.*

A bill in equity will not lie to enjoin the sewer commissioners of a city from disconnecting the plaintiff's private drain with a public sewer, where the plaintiff, who has paid the fee for draining his own house, refuses to pay also the fee for a house owned by a third person, which house uses the plaintiff's drain.

BILL IN EQUITY, filed in the Superior Court, to restrain the defendants from disconnecting the plaintiff's drain in Isabella Street from the public sewer in Hawley Street in Northampton. Hearing before *Stevens,* J., who reported the case for the determination of this court. The facts appear in the opinion.

*J. C. Hammond,* (*H. P. Field* with him,) for the plaintiffs.

*C. Coolidge,* for the defendants.

HOLMES, C. J. The plaintiff is the owner of a private drain in Isabella Street in Northampton, and brings this bill to enjoin the defendants from disconnecting it with the public drain. The sewer commissioners built a sewer in Hawley Street at a right angle to Isabella Street, and in doing so cut the plaintiff's drain. To avoid causing the plaintiff trouble the city engineer made a temporary connection between the plaintiff's drain and the Hawley Street drain, but contrary to the regulations and without authority from the defendants, who, as soon as they were informed of it, notified the plaintiff by vote that

it would be licensed to enter only on paying the entire fee for all property connected with its sewer. A tenement block owned by a third person is drained by the plaintiff's drain, and the defendants require the plaintiff to pay the fee for the block as well as for its own house, as a condition of continuing the connection. The threat to disconnect is on no other ground but the refusal to pay this fee. The plaintiff has paid the fee for its own house, but was told at the time of payment that it would be given a provisional receipt, and a few days later received one which expressly reserved all rights, so that there was no waiver, or license to the plaintiff.

On these facts there is nothing to argue. There is no question raised as to the right of a city to cut off the communication of one drain in such a way as to obstruct the flow from an independent drain belonging to another person when that is the only way to get paid for the former. See *Young* v. *Boston*, 104 Mass. 95. That question may arise after connection with the public sewer is assented to, in case thereafter the defendants attempt to disconnect the Isabella Street drain because one house does not pay the fee. By the rules and regulations, § 4, private drains become the property of the city after connection. But there is but one drain, and at present that belongs to the plaintiff. The defendants are not concerned with the fact that the plaintiff allows some one else to use it. So far as appears the license may be revoked to-morrow. There is no question, even if a question can be raised, whether shutting off a private drain is a permissible remedy for a refusal to pay the fee. This drain stands exactly as if the owner now was seeking to connect it with the sewer, and was refused leave unless it paid or contracted to pay all charges for the use of it. The fact that it was cut and interrupted in its former course by the construction of the Hawley Street sewer has no bearing on the present case. We perceive nothing to prevent the defendants from requiring payment for the whole, and no difference between the case as it is and as it would have been if the drain had been used only by the plaintiff's house. St. 1888, c. 354, § 7.

*Bill dismissed.*